is ordered to record a minute entry consistent with this per curiam.

2015-1777 (La. 11/15/16)

**STATE ex rel. Demetricy MOORE**

v.

**STATE of Louisiana**

**No. 2015–KH–1777**

Supreme Court of Louisiana.

11/15/2016

PER CURIAM:

Denied. The application was not timely filed in the district court, and relator fails to show that an exception applies. La. C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93–2330 (La. 9/5/95), 660 So.2d 1189.

Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless she can show

that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted her right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

2015-1778 (La. 11/15/16)

**STATE EX REL. Michael BOYD**

v.

**STATE of Louisiana**

**No. 2015–KH–1778**

Supreme Court of Louisiana.

11/15/2016

PER CURIAM:

Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to

make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.